```
                                                    FILED
                                              U.S. DISTRICT COURT
                                           EASTERN DISTRICT ARKANSAS
```

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

SEP 23 2010

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

KEVIN EANES, on Behalf of Himself
and All Others Similarly Situated                                   PLAINTIFF

vs.                          CASE NO. 4-10-CV-1412 DPM
                             This case assigned to District Judge Marshall
                             and to Magistrate Judge Kearney

CCI and METROPOLITAN LIFE INSURANCE COMPANY                         DEFENDANTS

## COMPLAINT-CLASS ACTION

COMES NOW the Plaintiff, on behalf of himself, and all others similarly situated, by and through counsel, Harrill & Sutter P.L.L.C., and for his Complaint, he states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of Garland County, Arkansas, and has been at all relevant times hereto. This is an action brought under ERISA for reformation, breach of fiduciary duty, and prejudgment interest. CCI is a corporation authorized to do business in the State of Arkansas, was the plan sponsor and a plan fiduciary. Metropolitan Life Insurance Company is the entity that funded the plan, who received the premiums. Accordingly, this Court has personal jurisdiction over the parties, and subject matter jurisdiction under 28 USC §1331 as well. Venue is proper.

### GENERAL ALLEGATIONS OF FACT

2. While employed by CCI, Plaintiff, and apparently his employer, believed that he was covered under a long term disability and short term disability insurance policy.

3. Unbeknownst to the Plaintiff or his employer, however, he was not so covered.

4. During Plaintiff's employment, relying on CCI's assertions and representations of coverage, Plaintiff's employer represented to Plaintiff that he was covered under the policy and collected premiums from the Plaintiff. Consequently, the employer was either Plaintiff's agent in the negotiation for the policy or Defendants' agent with regard to the enrollment process. Nonetheless, the information was either communicated to the Plaintiff through his employer,

Defendant's enrollment and premium collection agent, or imputed to Plaintiff through his employer's agency relationship during the negotiation process.

9. While allegedly covered under the policy, Plaintiff became, and remains today, totally disabled.

## COUNT I

10. Plaintiff re-alleges the foregoing as if fully set out herein.

11. Defendants had a duty to represent the terms of the policy correctly.

12. Defendants breached this duty.

13. Accordingly, as a direct and proximate cause of Defendants' failure to acquaint themselves with the terms of the product, Plaintiff has been damaged and his premiums have been converted.

14. Each Defendant has been unjustly enriched because Plaintiff has paid premiums for which he has had no benefit either through a properly funded plan or insurance policy. Defendants have failed to properly create and fund the plan.

## COUNT II
### BREACH OF FIDUCIARY DUTY AND FRAUD

15. Plaintiff re-alleges the foregoing as if fully set out herein.

16. The Class is defined as all CCI past or present employees from whom premiums have been collected, but for which they have received no insurance within the three years preceding the filing of this Complaint. Defendants, without a sufficient basis of knowledge, or intentionally and falsely, represented to Plaintiff and the Class, that they would be covered under a short and long term disability policy and deducted premiums form their checks.

17. Defendants made these representations to Plaintiff and the Class, when they knew them to be false.

18. In fact, Defendants understood that their representations would be further published to employees like the Plaintiff.

19. Both Plaintiff and the Class reasonably relied upon Defendants' representations to their detriment. Upon information and belief, the size of the Class exceeds 40, and they are too numerous to join.

20. With respect to commonality, the common questions of fact and law which concern ERISA:

• Whether the Defendant knowingly misrepresented the coverage of disability specified in the plans would be paid and services provided if the services met the plan's definition;

• Whether the Defendants underfunded the plan;

• Whether the value of the Defendants' policies as represented was more than the value of the policies as implemented.

21. Common questions of law and fact common to the ERISA class include:

• Whether the Defendant's misrepresentations respecting the coverage violated its fiduciary duty to refrain from misrepresentations in communication with ERISA class members;

• Whether Defendants' failure to properly administer the plans result in more premiums paid than coverage actually issued, as well as whether Defendants were unjustly enriched.

22. The standard for typicality is met here because the class representative's claims arise from the same operative facts as those of the ERISA Class. The named Plaintiff was a victim of uniform misrepresentations and omissions by Defendants as were all Class members, and Plaintiff was injured in the same way as all Class members. The named Plaintiff does not assert any unique legal claims or theories.

23. Plaintiff and counsel are adequate to represent the Class.

24. Defendants have acted on grounds "generally applicable to the class as a whole," and injunctive relief is the appropriate and primary remedy for the ERISA claims. Defendants engaged in a "common scheme" or "pattern or practice" of uniform activity. Each Plaintiff therefore seeks certification under Rule 23(b)(2) and (3).

25. Class treatment will be more efficient and is a superior way of treating these claims.

26. Thus, Defendants should be required to fund the plan, the plan should be reformed, or Plaintiff and the Class should be awarded appropriate restitutionary relief to avoid unjust enrichment such as rescission and disgorgement of the profits, as well as prejudgment interest.

WHEREFORE, Plaintiff prays for appropriate equitable relief, for an Order certifying the Class, for costs, for reasonable attorney's fees, for costs, and for all other proper relief.

Respectfully submitted,

HARRILL & SUTTER, P.L.L.C.
Attorneys at Law
Post Office Box 2012
Benton, Ar  72018
501/315-1910
Attorneys for the Plaintiff

By: _____
Luther Oneal Sutter, Ark. Bar #95031

g:\doc\eanes, kevin\cplt.doc